IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA, )
)
    Plaintiff, ) Case No. 2:16-cv-677-KOB
)
v. )
)
JESSICA A. LEVERETT, aka )
JESSICA HARRIS, )
)
    Defendant. )
_____)

## **PERMANENT INJUNCTION BY CONSENT**

THIS MATTER comes before the Court on the Joint Motion for Entry of Permanent Injunction by Consent made by Plaintiff, the United States, and Defendant Jessica A. Leverett. (Doc. 24).

The court has reviewed the submissions, as stipulated and consented to by the parties, and FINDS as follows:

1. Plaintiff, the United States of America, has filed a complaint seeking a permanent injunction against defendant Jessica A. Leverett, aka Jessica Harris ("Leverett") under 26 U.S.C. §§ 7402(a), 7407, and 7408.

2. Leverett admits for purposes of this injunction that the court has personal jurisdiction over her and subject matter jurisdiction over this matter but does not admit any of the other allegations in the complaint.

3. Leverett waives the entry of findings of fact and conclusions of law and voluntarily consents to the entry of this permanent injunction under 26 U.S.C. §§ 7402(a), 7407, and 7408 without further notice and agrees to be bound by its terms.

4. Leverett further understands and agrees:

   a. This Permanent Injunction by Consent will be entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a Final Judgment against her in this matter;

   b. Leverett waives any right she may have to appeal from this Permanent Injunction by Consent;

   c. The court will retain jurisdiction over this matter for the purpose of implementing and enforcing the Permanent Injunction by Consent;

   d. If Leverett violates this injunction, she may be subject to civil and criminal sanctions for contempt of court;

   e. The United States may conduct full post judgment discovery to monitor compliance with this injunction; and

   f. Entry of this Permanent Injunction by Consent resolves *only* this civil injunction action, and neither precludes the United States, or any of its agencies, from pursuing any other current or future civil or criminal matters or

proceedings, nor precludes Leverett from contesting her liability in any other matter or proceeding.

Accordingly, the court ORDERS as follows: Pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, defendant Leverett and any other person or entity acting in concert and/or participation with her are PERMANENTLY ENJOINED from directly or indirectly, by use of any means or instrumentalities:

- A. acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than themselves;
- B. operating, managing, or participating in any business which prepares federal tax returns or other related documents or forms for any person or entity other than themselves;
- C. preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that understate federal tax liability or overstate federal tax refunds based on positions that she knows or reasonably should know are unreasonable;
- D. engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code; and

  E. engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

II. Leverett must, within 30 days of entry of the injunction, (i) inform by United States mail and, if an e-mail address is known, by e-mail, all persons for whom she, Tax Money Now, Dynamic Tax Services, Dynamic Tax Solutions, Express Money Tax, and any other tax return preparation business in which she has a direct or indirect interest prepared a federal tax return since January 1, 2014, of the permanent injunction entered against her; (ii) provide a copy of this order of permanent injunction to those persons without other documents or enclosures unless agreed to by counsel for the United States or approved by the Court; and (iii) file with the Court a sworn certificate stating that she has complied with this requirement;

III. Leverett must produce to counsel for the United States within 30 days a list that identifies by name, social security number, address, e-mail address, telephone number, and tax period(s) all persons for whom she, Tax Money Now, Dynamic Tax Services, Dynamic Tax Solutions, Express Money Tax, and any other tax return preparation business in which she has a direct or indirect interest, prepared federal tax returns or claims for refund since January 1, 2014;

IV. Leverett must (i) provide a copy of the court's Order within 15 days of entry of the injunction to all principals, officers, managers, employees, and independent

contractors of Tax Money Now, Dynamic Tax Services, Dynamic Tax Solutions, Express Money Tax, and any other tax return preparation business in which she has a direct or indirect interest; (ii) post and keep posted for five years in one or more conspicuous places on the premises of those businesses where notices to employees are customarily posted, a copy of this Permanent Injunction by Consent; and (iii) provide to counsel for the United States within 30 days a signed and dated acknowledgment or receipt of the Court's order for each person to whom she provided a copy of the Court's order;

V.  The IRS may immediately revoke any Preparer Tax Identification Number (PTIN) issued pursuant to 26 U.S.C. § 6109 that is held by, or assigned to, or used directly or indirectly by Leverett;

VI.  The IRS may immediately revoke any Electronic Filing Identification Number (EFIN) held by, assigned to, or used by Leverett, Tax Money Now, Dynamic Tax Solutions, Dynamic Tax Service, Express Money Tax, and any other tax return preparation business in which Leverett has a direct or indirect interest.

VII.  The United States is entitled to conduct discovery to monitor Leverett's compliance with the terms of this judgment and permanent injunction entered against her.

VIII. The court retains jurisdiction over Defendant and over this action to enforce this judgment and permanent injunction entered against her.

DONE and ORDERED this 10th day of July, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

This Permanent Injunction by Consent is consented to and submitted by:

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Michael W. May
MICHAEL W. MAY
Bar Number: (TX) 24054882
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1857
Facsimile: (202) 514-9868
michael.w.may@usdoj.gov

Of Counsel:
JOYCE WHITE VANCE
United States Attorney
*Attorneys for the United States*

-and-

<u>/s/*Julian Hendrix*</u>
Julian Hendrix (ASB-2630-L74H)
*Attorney for the Defendant*
Post Office Box 856
Fairfield, Alabama 35064
Telephone: (205) 746-7206
Email: jnhx@bellsouth.net
